No. 49004

**HENRY THIBAULT**

v.

**ALBERT BEBERMAN**

(Dec. 8 - December 29, 1961)

*PRESENT*: Gillen, J. (Presiding), Roberts & Glynn, JJ.

Case tried to *Adlow, C.J.*

*Gillen, J.* This is an action of contract to recover the sum of $1,352.73 on a note signed by the defendant and made payable to the plaintiff.

There was evidence of a written contract between the parties wherein the plaintiff sold the defendant thirty shares of common stock of "Ye Olde Brattle Tavern, Inc.", a Massachusetts corporation.

For this Common stock the defendant agreed in paragraph 2 of the agreement which was signed on November 7, 1960.

(a) To pay the seller (plaintiff) the sum of $11,000.00

(b) To pay to the seller (plaintiff) by a non-negotiable non-interest bearing note payable on February 1, 1961, an amount equal to the total value, dollar for dollar, of all sealed kegs and bottles of the alcoholic beverages stock — owned by the corporation ("Ye Olde Brattle Tavern, Inc.") at the time of the consummation of this agreement.

(.c) To pay the seller (plaintiff) an amount of money equal to the monies of the corporation ("Ye Olde Brattle Tavern,

Inc.") on deposit with public utilities (electricity, gas and telephone).

(d) Subject matter not material in the instant case.

The agreement sets out the parties agree to consummate the agreement within five (5) days after December 2, 1960 at the latest.

The agreement sets out further

(3) that the amount of money arrived upon as a result of the computations in paragraph 2 (a) (b) (c) (d) shall be paid as follows:

(a) The sum of $500.00 on the execution of this agreement.

(b) The balance thereof $10,500. plus or minus adjustments on the completion of the agreement.

There was further evidence that pursuant to the terms of agreement the purchaser (plaintiff) paid a $500.00 deposit; the balance of $10,500.00 was paid November 15, 1960 — and at the close of business on said day an inventory of the liquor was taken and the defendant issued a note to the plaintiff in the amount of $1,352.73.

The sole issue raised by the defendant concerns the nature of the transaction as bearing on the transfer of those assets of the corporation which concerned alcoholic beverages. (This statement is set forth in the report.)

It was also admitted at the trial that nei-

ther the plaintiff as an individual nor the defendant as an individual had a license to sell alcoholic beverages.

The trial judge found for the plaintiff on the declaration in the amount of the note.

The defendant claims to be aggrieved by the action of the trial judge on his requests for rulings of law. Summed up the requests raise the issues that the plaintiff who had no license to sell liquor was violating G.L. c. 138; that these alcoholic beverages sold by the plaintiff to the defendant were owned by the "Ye Olde Brattle Tavern, Inc.", in which the plaintiff was merely a stockholder and that this part of the deal was illegal and void because liquor was involved and that the plaintiff cannot recover on the note.

We find no error on the part of the trial judge. The trial judge found as a fact that the note in issue was given in payment for stock in "Ye Olde Brattle Tavern, Inc." that the liquor which was inventoried at the time of sale of the Common stock continued in the control and possession of said corporation after the transfer was brought about.

We think the evidence warranted these conclusions. *The value of the liquor was simply a yardstick which was used to measure the amount to be set down in the note as payable.*

This was strictly and only a sale of Common stock owned by the plaintiff and it was disclosed at the hearing before this division

that the complicated and unnecessarily long method of arriving at what the payment for the Common stock should be was the brain child of the defendant. There was no evidence compelling the trial judge to find that there was a personal sale of liquor between the plaintiff and defendant.

It was said in *Clark v State Street Trust Company*, 270 Mass. 140 at 153, "The construction of a written instrument to be adopted is the one which appears to be in accord with justice and common sense and the probable intention of the parties. It is to be interpreted as a business transaction entered into by practical men to accomplish an honest straightforward end. - - - Every contract implies good faith and fair dealing between the parties to it. The courts always avoid, if possible, any construction of a contract that is unreasonable or inequitable."

The dominant deal here was a sale of the stock of the corporation not a personal liquor sale between plaintiff and defendant.

We find no error. *Report dismissed.*

Harrigan & Caulfield (Thomas B. Shea) of Boston for the Plaintiff.

Sydney E. Eaton of Boston for the Defendant.